IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATHANIEL DAVID BOWERS | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. DKC-23-2387 |
| OFFICER TAYLOR | * | |
| Defendant | * | |
| | *** | |

**MEMORANDUM OPINION**

Because the initial complaint filed by Plaintiff Nathaniel Bowers was deficient, the court issued an Order on October 3, 2023, directing him to file an amended complaint and to pay the filing fee or file a motion seeking its waiver. ECF No. 3. Mr. Bowers filed an amended complaint and a motion to proceed *in forma pauperis* on October 19, 2023. ECF Nos. 4 and 5. Although his motion to proceed *in forma pauperis* will be granted, the complaint and amended complaint will be dismissed for the reasons explained herein.

Mr. Bowers was advised that his complaint did not state a claim upon which relief may be granted. ECF No. 3 at 2-3. Specifically, Mr. Bowers' claim that he is a corporation and that he is a State citizen as well as his references to various sections of the Uniform Commercial Code ("UCC") as a basis for his conclusion that he was kidnapped by Baltimore County Police Officer Taylor is a frivolous claim often espoused by groups such as Sovereign Citizens and Moorish Americans. *Id*. Mr. Bowers was additionally forewarned that if his amended complaint did not comply with the requirements of the Order and of the Federal Rules of Civil Procedure, the complaint would be dismissed without further notice. *Id*. at 4-5.

The amended complaint contains less information than the original complaint and simply reiterates Mr. Bowers' belief that he was improperly arrested. ECF No. 4 at 4-5. He states that he

was holding a paper sign asking for money to obtain a room for the night when Officer Taylor "offered" him a "criminal citation for soliciting." *Id*. at 4. Officer Taylor then went back to his car and Mr. Bowers was recording himself on Facebook live as he walked down the lane divider. *Id*. He turned the camera around to film Officer Taylor who then informed Mr. Bowers that he would be going to jail and placed him in handcuffs. *Id*. at 5. Mr. Bowers claims that, after he informed Officer Taylor that he had a gun "Holstered inside the front of [his] pants," he was kidnapped. *Id*. He has sued for violation of his federal constitutional rights and describes his injuries as "kidnapping," "false arrest," and "assault second degree." He appears to seek damages, although his request for relief is far from clear.

The potential federal constitutional claims focused on the conduct of an arresting officer may include Fourth Amendment claims for false arrest (or imprisonment), malicious prosecution, or excessive force. The proposed Amended Complaint fails to allege any of those. First of all,

> [t]o state a claim for false arrest or imprisonment under § 1983, a plaintiff must demonstrate that he was arrested without probable cause. *See Street v. Surdyka*, 492 F.2d 368, 372–73 (4th Cir. 1974) ("[T]here is no cause of action for 'false arrest' under section 1983 unless the arresting officer lacked probable cause."); *see also Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (analyzing false arrest claim for whether seizure was unreasonable). In addition, "[a] malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Evans v. Chalmers,* 703 F.3d 636, 646 (4th Cir. 2012) (internal quotation marks omitted). "To state such a claim, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Id.*

*Sowers v. City of Charlotte*, 659 F. App'x 738, 739 (4th Cir. 2016). As noted in the prior order, Mr. Bowers is currently being held without bond at Baltimore County Detention Center awaiting trial on charges of possession of a firearm by a convicted felon and related charges. ECF No. 3

at 2. *See State v. Bowers*, Case No. C-03-CR-23-002710 (Balt. Co. Cir. Ct. June 21, 2023), available at http://casesearch.courts.state.md.us/casesearch/ (last viewed Nov. 30, 2023). Thus, a malicious prosecution claim would be premature and cannot proceed inasmuch as the criminal proceedings remain pending. A false arrest or imprisonment claim accrues when the arrest is made and, if followed by criminal proceedings, the statute of limitations for false imprisonment begins to run when the plaintiff is detained pursuant to legal process. *Wallace v. Kato*, 549 U.S. 384, 397 (2007). Plaintiff, however, must allege facts demonstrating that he was detained without probable cause. He admits that the officer cited him for soliciting, but then decided to take him into custody. He also admits to telling Officer Taylor that he had a gun on him, holstered inside the front of his pants. As noted, he has since been indicted on a firearm possession charge. He is also charged with two counts of Solicitation in Roadway violations under the Baltimore County Code. In Baltimore County, "a person may not occupy or stand on a lane divider or in a roadway or shoulder to solicit without possessing and displaying a permit issued by the Department." Balt. Co. Code, § 21-18-102. A person who violates this provision is guilty of a misdemeanor and is subject to a fine of $500. Balt. Co. Code, §21-18-109. "The Fourth Amendment [does not forbid] a warrantless arrest for a minor criminal offense . . . punishable only by a fine*." Atwater v. City of Lago Vista*, 532 U.S. 318, 323 (2001). The Court concluded "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Id*. at 354. Thus, he has not alleged facts to show that he was arrested without probable cause, whether for the soliciting charge or the firearm possession charge. Finally, while Mr. Bowers mentions "assault," he provides no facts other than he was handcuffed. That in no way supports an excessive force claim.

Plaintiff has failed to state a claim upon which relief can be granted and, by separate order, the complaint and amended complaint will be dismissed.

                                                                                  _____/s/_____
                                                                                   DEBORAH K. CHASANOW
                                                                                   United States District Judge